# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5849 | **DATE** | 9-6-11 |
| **CASE TITLE** | Antonio Kendrick (R-51546) v. Honorable Robert McLauren, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [3] is granted. The court authorizes the trust fund officer at Plaintiff's place of confinement to deduct $11.60 from Plaintiff's trust fund account and to continue making deductions in accordance with this order. The complaint is dismissed. *See* 28 U.S.C. § 1915A. This dismissal counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [For further details see text below.]

*Docketing to mail notices.*

## STATEMENT

Plaintiff, Antonio Kendrick (R-51546), an inmate at the Stateville Correctional Center has filed a 42 U.S.C. § 1983 civil rights action against three judges of the Illinois Second District Court of Appeals. Plaintiff asserts that the panel of judges did not address certain issues that he raised in his direct appeal of his criminal conviction. Plaintiff seeks to file his complaint *in forma pauperis* ("IFP").

Plaintiff's IFP application reveals that he cannot prepay the filing fee. His IFP motion is granted. Pursuant to 28 U.S.C. § 1915(b)(1), he is assessed an initial partial filing fee of $11.60. The trust fund officer at Plaintiff's place of confinement is authorized to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer is authorized to collect monthly payments from Plaintiff's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments from Plaintiff's account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for the filing fee, and Stateville Correctional Center officials shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred.

Although Plaintiff may proceed IFP, preliminary review of Plaintiff's complaint, *see* 28 U.S.C. § 1915A, reveals that it must be dismissed. Plaintiff names three judges of the Illinois Appellate Court for the Second District as Defendants. He contends that the judges did not address two issues he raised in his appeal from his conviction. Judges have absolute immunity from civil suits that challenge their actions taken in their judicial role. *See Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir. 2006); *John v. Barron*, 897 F.2d 1387, 1391 (7th Cir. 1990). Plaintiff's claims against the judges – pertaining to their review of his appeal – clearly invovles actions or inactions taken within their judicial roles.

**(CONTINUED)**

isk

**STATEMENT (continued)**

Additionally, a federal court may not direct a state court as to how to address certain issues before it. *Drake v. Clark*, 14 F.3d 351, 355 (7th Cir. 1994), quoting *Brewer v. Aiken*, 935 F.2d 850, 854-55 (7th Cir. 1991) ( "We do not sit as a super state supreme court to review error under state law") If Plaintiff seeks to challenge the decision of the decision of the state appellate court, he should do so in either a petition for leave to appeal filed with the Illinois Supreme Court, in a petition for post-conviction relief filed in state court, or in a petition for federal habeas corpus relief filed in this court after he exhausts state court remedies. He cannot, however, seek review of the state appellate court decision in a § 1983 civil rights action. *See, e.g.*, *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Simpson v. Nickel*, 450 F.3d 303, 306-07 (7th Cir. 2006).

Accordingly, Plaintiff's complaint against the judges must be dismissed. *See* § 1915A (this court must conduct a preliminary review of a prisoner's complaint and dismiss it if it fails to state a claim upon which this court can grant relief, states a frivolous or malicious claim, or states a claim against a party immune from suit).

The dismissal of this case counts as one of Plaintiff's three allotted dismissal under 28 U.S.C. § 1915(g). Although the dismissal of claims against parties immune from suit is not one of the grounds listed in § 1915(g), Plaintiff's claims not only are against parties who have absolute immunity, but also fail to state a claim upon which this court can grant relief and, as noted by some courts, is legally frivolous. *Mills v. Fischer*, 645 F.3d 176, 177 (7th Cir. 2011) ("[a]ny claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of 28 U.S.C. § 1915(g)"). Plaintiff is warned that if a prisoner accumulates three strikes (if he has had a three federal cases or appeals dismissed as frivolous, malicious, or for failure to state a claim), he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, plaintiff may also accumulate another "strike" under 28 U.S.C. § 1915(g).

*/s/ Suzanne B. Conlon*